AMBROSE, J.,
This matter comes before the court on the additional defendants’ (with the exception of Thomas H. McDonough) motion for judgment on the pleadings. This matter originated with plaintiff, Sewickley Township Volunteer Fire Company no. 3, filing a civil action against The First National Bank of Herminie, claiming damages based upon three alleged causes of action.
Plaintiff alleged that defendant bank improperly redeemed and paid over to the additional defendant, Thomas McDonough (not one of the additional defendants joining in the instant motion for judgment on the pleadings), the sum of $12,448.01, being the value of a certificate of deposit of plaintiff on deposit with* defendant bank. Secondly, plaintiff alleges that the bank breached its duty under a bailment for said money by virtue of the above-recited redemption and payment. Lastly, plaintiff alleges that the bank breached numerous provisions *298 of the Uniform Commercial Code by virtue of its payment of the above-referenced money to additional defendant McDonough.
Defendant bank denied the allegations of plaintiff’s complaint in its answer and recited that it had paid the money to plaintiff fire company, not the additional defendant McDonough, and that the money was, in fact, deposited in a savings account that plaintiff fire company maintained with defendant bank. The bank further alleged in its new matter that the bank had acted in accordance with the written instructions and signature cards received from plaintiff fire company, authorizing the additional defendant McDonough to act on behalf of plaintiff without the necessity of a second signature. The bank further contended that plaintiff had not established and maintained internal controls relating to the additional defendant McDonough in his capacity as treasurer of plaintiff fire company and was, therefore, itself liable for any losses caused by the actions of additional defendant McDonough.
Thereafter, defendant bank joined the above additional defendants, alleging that said additional defendants were officers and fiduciaries of the plaintiff fire company and as such, failed “to exercise their fiduciary duties in not establishing internal controls and procedures” with regard to the money deposited in defendant bank, thereby causing the losses suffered by the plaintiff fire company.
The additional defendants, with the exception of Thomas H. McDonough, filed an answer and new matter to the complaint, claiming that as employees of a local agency as defined in 42 Pa.C.S. §8501 et seq., they were immune from this suit. Further, said additional defendants claim that they were not liable for civil damages pursuant to 42 Pa.C.S. §8332.2 *299 because their alleged acts or omissions related solely to the performance of their duties as officers of the fire company, a non-profit corporation, and only fell just below the ordinary standard of care.
Plaintiff bank admits that the additional defendants are employees of a local agency as the same are defined under the above-referenced law, but denies that the additional defendants are entitled to the immunity provisions of the law because their alleged breach of their fiduciary responsibilities as officers met the standards as set forth in 42 Pa.C.S. §8332.2.
This court is first disposed to point out that the legislature has dealt directly with the immunity issue of volunteer fire fighters in 42 Pa.C.S. §8332.3 entitled “Volunteer firefighter civil immunity,” which provides as follows:
“Volunteer firefighters shall be treated as public employees as defined in section 8501 (relating to definitions). This section shall not be construed to reduce or eliminate any other immunity provided to volunteer firefighters by law.”
As the parties agree, there is no question that volunteer firefighters are employees of a “local agency,” and specifically mentioned in the immunity sections of the act.
We will first consider whether or not the additional defendants, all volunteer firefighters, are immune from civil liability pursuant to 42 Pa.C.S. §8332.2, because their alleged misconduct rises to a standard required pursuant to that section. Title 42 Pa.C.S. §8332.2(a) provides as follows:
“(a) General Rule — Except as provided otherwise in this section, no person who serves without compensation, other than reimbursement for actual expenses, as an officer, director or trustee, of any *300 non-profit organization under section 501(c)(3) of the Internal Revenue Code of 1954 (68A Stat. 3, 26 U.S.C. §501(c)(3)) shall be liable for any civil damages as a result of any acts or omissions relating solely to the performance of his duties as an officer, director or trustee, unless the conduct of the person falls substantially below the standards generally practiced and accepted in like circumstances by similar persons performing the same or similar duties, and unless it is shown that the person did an act or omitted the doing of an act which the person was under a recognized duty to another to do, knowing or having reason to know that the act or omission created a substantial risk of actual harm to the person or property of another. It shall be insufficient to impose liability to establish only that the conduct of the person fell below ordinary standards of care. ” (emphasis supplied)
The sole allegations of defendant bank against the additional defendants concern breach of the additional defendants’ fiduciary duties for not establishing proper internal controls and procedures. The additional defendants’ argument is that the allegations simply give rise to a claim that the firefighters committed acts or omissions that would only constitute ordinary negligence. The additional defendants contend that no allegations have been pled of any gross negligence, intentional wrongdoing, wanton disregard of their duties, or any other allegations that the firefighters’ conduct fell substantially below the standards of similar persons performing similar duties, as the statute requires. The additional defendants contend that they neither knew or had reason to know that such misconduct would have created a substantial risk of harm to the defendant bank.
*301 We agree with the additional defendants’ contentions and conclude that the allegations contained in the complaint to join the additional defendants are insufficient to impose liability upon them since the allegations only give rise to an inference that the conduct of the additional defendants may have fallen below ordinary standards of care. See 42 Pa.C.S. §8322.2(a). We believe that the above-referenced section was intended to absolve from responsibility people like the officers and directors of a non-profit fire company, who serve the public without compensation and who, therefore, should not be held to the same standard as those who serve profit-making entities and derive remuneration for their services. Even if defendant bank’s allegations are accurate that the additional defendants failed to properly supervise and manage the affairs of the plaintiff fire company, we conclude as a matter of law that such action would only amount to conduct which would fall just below the ordinary standards of care that are expected in such instances.
In addition to our conclusion that the additional defendants-firefighters herein are immune from civil liability pursuant to 42 Pa.C.S. §8332.2, we have also favorably considered the additional defendants’ argument that volunteer firemen are entitled to immunity under the provisions of 42 Pa.C.S. §8501 et seq. This immunity section of the law with regard to various governmental units specifically includes volunteer firemen in its definition of employees. In section 8542(b) of the act (42 Pa.C.S. §8501 et seq.), the legislature has enumerated eight acts by a local agency or any of its employees that may result in the imposition of liability on the local agency. As additional defendants have pointed out to this court, the alleged acts or omissions of the additional defendant *302 firefighters are not such as to fall within these eight exceptions to immunity as contained in section 8542(b). These specifically stated exceptions exclude all others and we, therefore, conclude that under the facts of this case, the additional defendant firefighters are immune from suit. (See 1 Pa.C.S. §1924 with regard to statutory construction of exceptions specifically stated.)
ORDER OF COURT
And now, May 11, 1990, in accordance with the foregoing opinion, it is hereby ordered and decreed that the additional defendants’ motion for judgment on the pleadings is hereby granted, and that further, the additional defendants, with the exception of Thomas H. McDonough, are granted judgment in their favor.